Rebecca Noblin
Jeremy C. Lieb
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907.277.2500
E: rnoblin@earthjustice.org
E: jlieb@earthjustice.org

Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: ejorgensen@earthjustice.org

*Attorneys for Plaintiffs National Audubon Society et al.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY, CENTER FOR BIOLOGICAL DIVERSITY, FRIENDS OF THE EARTH, and STAND.EARTH,<br><br>*Plaintiffs*,<br><br>v.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the Interior; WILLIAM P. PENDLEY, in his official capacity as Deputy Director, Policy and Programs, exercising the authority of the Director of the Bureau of Land Management; CHAD B. PADGETT, in his official capacity as Alaska State Director of Bureau of Land Management; DEPARTMENT OF THE INTERIOR; and BUREAU OF LAND MANAGEMENT,<br><br>*Defendants*. | Case No. 3:20-cv-00206-SLG |

**JOINT MOTION TO STAY PROCEEDINGS**

The parties respectfully submit this joint motion for a stay of proceedings until the Defendants issue the Record of Decision (ROD) for the Environmental Impact Statement (EIS) at issue in this case.

The present case concerns the Bureau of Land Management's (BLM) environmental review and forthcoming adoption of a new management plan, known as the Integrated Activity Plan (IAP), for the National Petroleum Reserve-Alaska (Reserve).[1] Under the Naval Petroleum Reserves Production Act,

> Any action seeking judicial review of the adequacy of any program or site-specific environmental impact statement under section 102 of the National Environmental Policy Act of 1969 (42 U.S.C. 4332) concerning oil and gas leasing in the [Reserve] shall be barred unless brought in the appropriate District Court within 60 days after notice of the availability of such statement is published in the Federal Register.

42 U.S.C. § 6506a(n)(2). BLM published its notice of availability for the final EIS for the IAP in the Federal Register on June 26, 2020, and Plaintiffs filed this lawsuit on August 24, 2020. Defendants have yet to issue the ROD for the EIS. Plaintiffs anticipate amending their complaint once Defendants issue the ROD.

The parties ask that the Court stay all deadlines in the case until BLM issues its ROD, including those for filing the answer, lodging the administrative record, and summary judgment briefing as set out in Local Civil Rule 16.3. This Court has broad authority to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he

---

[1] A separate case related to the IAP is also before this Court. *N. Alaska Envtl. Ctr. v. Bernhardt*, No. 3:20-cv-00207-SLG.

power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Three factors guide this Court's determination of whether a stay should be granted: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. All three factors weigh in favor of granting the requested stay.

Any damage that would result from granting this limited stay would be minimal. A stay would avoid immediate expenditure by the parties and the court of substantial resources needed to submit pleadings and other filings prior to the Defendants issuing their ROD. Should the Court grant the parties' motion, the parties would provide a joint status report 14 days after BLM issues its ROD proposing a new schedule for filing the amended complaint and answer, lodging the administrative record, and completing the briefing. If the parties are unable to agree on language in the joint status report, they will submit separate statements in the same report.

Respectfully submitted this 30th day of September, 2020.

      *s/ Rebecca Noblin*
Rebecca Noblin (Alaska Bar No. 0611080)
Jeremy C. Lieb (Alaska Bar No. 1810088)
Eric P. Jorgensen (Alaska Bar. No. 8904010)
EARTHJUSTICE

*Attorneys for Plaintiffs National Audubon Society, Center for Biological Diversity, Friends of the Earth, and Stand.earth*

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

      *s/ Caitlin Cipicchio*
CAITLIN CIPICCHIO, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
150 M St. NE
Washington, D.C. 20002
Tel: (202) 305-0503
Fax: (202) 305-0506

*Attorneys for Federal Defendants*

# CERTIFICATE OF COMPLIANCE WITH WORD LIMITS

I certify that this document contains 531 words, excluding items exempted by Local Civil Rule 7.4(a)(4), and complies with the word limits of Local Civil Rule 7.4(a)(2).

Respectfully submitted this 30th day of September, 2020.

      *s/ Rebecca Noblin*
      Rebecca Noblin