Jeremy C. Lieb
Ian S. Dooley
Erik Grafe
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907.277.2500
E: jlieb@earthjustice.org
E: idooley@earthjustice.org
E: egrafe@earthjustice.org

Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: ejorgensen@earthjustice.org

*Attorneys for Plaintiffs National Audubon Society et al.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEB HAALAND, in her official capacity as Secretary of the Interior, *et al.*, <br><br> *Defendants*, <br><br> and <br><br> STATE OF ALASKA, <br><br> *Intervenor-Defendant.* | Case No. 3:20-cv-00206-SLG |

## JOINT STATUS REPORT AND SCHEDULING MOTION

Plaintiffs seek to protect their ability to challenge the National Environmental Policy Act (NEPA) compliance for future oil and gas lease sales in the National Petroleum Reserve-Alaska (NPR-A). 42 U.S.C. § 6506a(n)(1) requires any action seeking judicial review of the adequacy under NEPA of any environmental impact statement concerning NPR-A oil and gas leasing to be filed within 60 days after notice of the availability of such statement is published in the Federal Register. When Plaintiffs filed this action, the 2020 Environmental Impact Statement (EIS) at issue in this case stated that Defendant Bureau of Land Management (BLM) intended for the 2020 EIS to fulfill NEPA requirements for lease sales conducted at least through December 2039 and potentially thereafter. Plaintiffs challenged the 2020 EIS within 60 days of its publication. If they were to dismiss their lawsuit now, and Federal Defendants later held a lease sale, Plaintiffs fear they might risk being barred by section 6506a(n)(1) from bringing certain types of claims challenging the NEPA adequacy of the sale. *See Northern Alaska Environmental Center v. U.S. Department of the Interior*, 983 F.3d 1077 (9th Cir. 2020).

Federal Defendants amended the 2020 EIS by publishing an errata on the BLM ePlanning website on September 20, 2022. *See* https://eplanning.blm.gov/eplanning-ui/project/117408/510. The errata deletes language from the 2020 EIS representing that it would fulfill NEPA requirements for lease sales through at least December 2039 and potentially thereafter. The errata clarifies that the 2020 EIS is programmatic and is not intended to, by itself and without further NEPA analysis, fulfill NEPA requirements for

future lease sales.

Plaintiffs are concerned that Federal Defendants could in the future choose to reverse course without publishing a notice of availability, 42 U.S.C. § 6506a(n)(1), potentially triggering an argument that the time period for challenging the 2020 EIS has expired. Plaintiffs therefore believe they must maintain the present lawsuit challenging the 2020 EIS to guard against the risk of being blocked by section 6506a(n)(1) from challenging the NEPA adequacy of future lease sales, notwithstanding Federal Defendants' amendments to the 2020 EIS.

In light of the foregoing and the representations in their previous status report, ECF No. 58, the parties have determined it is appropriate to propose a schedule for further litigation proceedings. The parties intend to continue a dialogue about resolving this matter as the litigation schedule proceeds, and if it can be resolved, would then seek to dismiss this action prior to decision.

Plaintiffs and Federal Defendants propose the following case management schedule:

- Plaintiffs file an amended/supplemental complaint within 60 days of the Court's order adopting this schedule.
- Federal Defendants file an answer or otherwise respond within 60 days of the amended/supplemental complaint.
- In the event that Federal Defendants respond by filing a motion to dismiss the amended/supplemental complaint, responses due within 45 days of the

filing of the motion, and reply due within 30 days of the last-filed response.

- Federal Defendants file and serve the administrative record within 90 days of filing an answer or, in the event of a motion to dismiss that does not resolve the case, within 90 days of the Court's ruling on such motion.

- The parties resolve any disputes about the administrative record within 45 days of its filing.

- The parties then submit a status report and briefing schedule at the end of the 45-day period (if there are no record disputes) or within 10 days of the resolution of any such disputes.

Plaintiffs' counsel today sought the position of Intervenor-Defendant State of Alaska but had not heard back by the time of this filing.

Respectfully submitted this 23rd day of September, 2022.

        *s/ Erik Grafe*
        Jeremy C. Lieb (Alaska Bar No. 1810088)
        Ian S. Dooley (Alaska Bar No. 2006059)
        Erik Grafe (Alaska Bar No. 0804010)
        Eric P. Jorgensen (Alaska Bar No. 8904010)
        EARTHJUSTICE

        *Attorneys for Plaintiffs National Audubon Society,*
        *Center for Biological Diversity, Friends of the*
        *Earth, and Stand.earth*

        TODD KIM
        Assistant Attorney General
        United States Department of Justice
        Environment and Natural Resources Division

        *s/ Paul A. Turcke (consent)*
        Paul A. Turcke, Trial Attorney
        Natural Resources Section
        150 M St. NE
        Washington, D.C. 20002
        E: paul.turcke@usdoj.gov
        T: (202) 353-1389

        *Counsel for Federal Defendants*

        Of Counsel:
        MIKE GIERYIC
        Office of the Regional Solicitor, Alaska Region
        4230 University Drive, Suite 300
        Anchorage, AK 99508
        907-271-1420
        mike.gieryic@sol.doi.gov