ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

RICKEY D. TURNER, JR. (Colorado Bar No. 38353)
Senior Attorney
Wildlife & Marine Resources Section
999 18th Street, Suite 600, North Terrace
Denver, CO 80202
Tel: (202) 532-3073
rickey.turner@usdoj.gov

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and FRIENDS OF THE EARTH, <br><br> Plaintiffs, <br><br> v. <br><br> DOUG BURGUM, in his official capacity as Secretary of the Interior, et al., <br><br> Defendants, <br><br> and <br><br> STATE OF ALASKA, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00206-SLG |

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG

1

## DEFENDANTS' ANSWER TO PLAINTIFFS'
## FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Doug Burgum, in his official capacity as Secretary of the Interior, Bill Groffy, in his official capacity as Acting Director of the Bureau of Land Management ("BLM"), Kevin Pendergast, in his official capacity as Alaska State Director of the BLM, Sara Boario, in her official capacity as Regional Director for the United States Fish and Wildlife Service ("FWS"), Drew Crane, in his official capacity as Deputy Assistant Regional Director for FWS, United States Department of the Interior ("DOI"), the BLM, and the FWS (collectively "Defendants"), hereby respond to the allegations in Plaintiffs' Fourth Amended and Supplemental Complaint for Declaratory and Injunctive Relief (hereinafter "Complaint") (Dkt 151). The numbered paragraphs and section headings in this Answer correspond to the numbered paragraphs and section headings of the Complaint.

## INTRODUCTION

1. The allegations in the first sentence of Paragraph 1 consist of Plaintiffs' characterization of their action, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 1 purport to characterize the 2025 Integrated Activity Plan ("IAP") and previous IAPs, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. Defendants admit the allegations in the fourth sentence

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
2

of Paragraph 1 that the BLM held a lease sale offering more than 600 tracts covering approximately 5.5 million acres and deny the remaining allegations in the fourth sentence as vague and ambiguous and lacking the necessary context for Defendants to form a response. The allegations in the fifth sentence of Paragraph 1 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis. The allegations in the sixth and seventh sentences of Paragraph 1 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. In response to the allegations in the first and second sentences of Paragraph 2, Defendants admit that diverse species of wildlife, including bears, muskoxen, caribou, and migratory birds, are found within the National Petroleum Reserve in Alaska (the "Petroleum Reserve") which have been utilized in the subsistence lifestyle of Alaska Natives and other rural residents, and respond that any remaining allegations are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis. In response to the allegations in the third sentence of Paragraph 2, Defendants admit that available information indicates that birds found at some time in the Teshekpuk Lake region of the Petroleum Reserve have migrated, at some time, to

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
3

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 3 of 47

50 states and five continents, and respond that any remaining allegations are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis. The allegations in the fourth sentence of Paragraph 2 purport to characterize the 2025 IAP, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

3. The allegations in the first sentence of Paragraph 3 purport to characterize the 2025 IAP and previous IAPs, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. The allegations in the second and third sentences of Paragraph 3 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

4. Defendants deny the allegations in Paragraph 4.

5. The allegations in Paragraph 5 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

6. Defendants deny the allegations in Paragraph 6.

7. The allegations in the first, third, and fifth sentences of Paragraph 7

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
4

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 4 of 47

purport to characterize the 2025 FWS Biological Opinion ("BiOp"), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. Defendants deny the allegations in the second and fourth sentences of Paragraph 7.

8.      The allegations in Paragraph 8 purport to characterize the Naval Petroleum Reserves Production Act (the "NPRPA"), which speaks for itself and provides the best evidence of its contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

9.      The allegations in the first sentence of Paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants admit Plaintiffs filed their first complaint on August 24, 2020, and that the notice of availability of the 2020 Environmental Impact Statement ("EIS") was published in the Federal Register, 85 Fed. Reg. 38388 (June 26, 2020). Any remaining allegations in the second sentence of Paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

10.     In response to the allegations in Paragraph 10, Defendants admit Plaintiffs have amended their complaint three times, that BLM's 2020 IAP Record of Decision ("ROD") was issued in December 2020, that the 2022 IAP ROD was issued on April 25, 2022, that the 2025 IAP ROD was issued on December 22, 2025, and that the 2026 Petroleum Reserve lease sale was noticed on February 11, 2026 with bids

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
5

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 5 of 47

opened on March 18, 2026.  Any remaining allegations in Paragraph 10 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

11.     The allegations in Paragraph 11 consist of Plaintiffs' requests for relief, to which no response is required.  To the extent a response is required, Defendants deny that Defendants acted unlawfully or that Plaintiffs are entitled to the relief requested or to any relief.

## JURISDICTION & VENUE

12.     The allegations in Paragraph 12 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

13.     The allegations in Paragraph 13 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## PLAINTIFFS

14.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 14 and deny them on that basis.

15.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 15 and deny them on that basis.

16.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in the first, second, and third sentences of Paragraph 16 and deny

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
6

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 6 of 47

them on that basis.  The allegations in the fourth sentence of Paragraph 16 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

17.     Defendants admit the allegations in the first sentence of Paragraph 17 that Plaintiff Center for Biological Diversity submitted comments to BLM on the Draft IAP and/or environmental impact statement ("EIS"), draft 2025 environmental assessment ("EA"), and 2025 call for lease sale nominations and deny the remaining allegations in the first sentence.  Defendants lack knowledge or information sufficient to either admit or deny the allegations in the second and third sentences in Paragraph 17 and deny them on that basis.  The allegations in the fourth sentence of Paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### **DEFENDANTS**

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants admit the allegations in Paragraph 20.

21.     Defendants admit the allegations in Paragraph 21.

22.     Defendants admit the allegations in Paragraph 22.

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants aver that BLM is a "bureau" within DOI, and otherwise admit the allegations in Paragraph 24.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
7

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 7 of 47

25. Defendants aver that FWS is a "bureau" within DOI, and otherwise admit the allegations in Paragraph 25.

## STATEMENT OF FACTS

26. In response to the allegations in Paragraph 26, Defendants admit that what is now the Petroleum Reserve was originally set aside in 1923 and is approximately 23 million acres. The remaining allegations of Paragraph 26 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

27. The allegations in Paragraph 27 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

28. The allegations in Paragraph 28 purport to characterize 89 Fed. Reg. 38712, 38715 (May 7, 2024) and H.R. Rep. No. 94-942 (1975), which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

29. The allegations in Paragraph 29 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

30. The allegations in Paragraph 30 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
8

Case 3:20-cv-00206-SLG   Document 155   Filed 04/20/26   Page 8 of 47

any allegations inconsistent with its plain language, context, or meaning.

31. The allegations in Paragraph 31 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

32. The allegations in Paragraph 32 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

33. The allegations in Paragraph 33 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

34. The allegations in Paragraph 34 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

35. The allegations in Paragraph 35 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

36. The allegations in Paragraph 36 purport to characterize 43 CFR 2361.10(b), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

37. The allegations in the first sentence of Paragraph 37 purport to

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
9

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 9 of 47

characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second sentence of Paragraph 37 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis. The remaining allegations in the third, fourth, fifth, and sixth sentences of Paragraph 37 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

38. The allegations in Paragraph 38 purport to characterize 42 Fed. Reg. 28720 (June 3, 1977), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

39. The allegations in Paragraph 39 purport to characterize 43 C.F.R. § 2361, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

40. The allegations in Paragraph 40 purport to characterize 43 C.F.R. § 2361, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

41. The allegations in Paragraph 41 purport to characterize 42 Fed. Reg. 28723 (June 3, 1977), which speaks for itself and is the best evidence of its own

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
10

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 10 of 47

contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

42. Defendants admit the allegations in the first sentence of Paragraph 42. The allegations in the second, third, and fourth sentences of Paragraph 42 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

43. In response to the allegations in the first sentence of Paragraph 43, Defendants admit the Spectacled and Steller's Eiders are listed as threatened species under the Endangered Species Act ("ESA"). The remaining allegations of Paragraph 43 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

44. In response to the allegations in Paragraph 44, Defendants admit that residents of Nuiqsut are rural Alaska residents who depend, at least in part, on a subsistence lifestyle that utilizes resources from within the Petroleum Reserve. Any remaining allegations of Paragraph 44 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

45. The allegations in Paragraph 45 consist of legal conclusions, to which no

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
11

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 11 of 47

response is required.  To the extent a response is required, Defendants deny the allegations.

46.     In response to the allegations in the first, second, and third sentences of Paragraph 46, Defendants admit that the Western Arctic Herd of caribou utilize habitat within the Utukok River Uplands Special Area.  Any remaining allegations are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.  The allegations in the fourth sentence of Paragraph 46 purport to characterize quoted material attributed to BLM, but the cited source is not identified and Defendants have not been able to determine the cited source.  Defendants therefore lack knowledge and information sufficient to form a belief as to the truth of allegations and deny them on that basis, but further respond that if the quote is accurate, it purports to characterize the applicable BLM source, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

47.     Defendants admit the allegations in the second and fifth sentences of Paragraph 47.  The remaining allegations in the first, third, fourth, and sixth sentences of Paragraph 47 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
12

on that basis.

48. Defendants admit the allegations in Paragraph 48.

49. The allegations in Paragraph 49 purport to characterize the 1998 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

50. Defendants admit the allegations in Paragraph 50.

51. The allegations in Paragraph 51 purport to characterize the 2004 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

52. Defendants admit that BLM published an IAP in 2013 that covered the entirety of the Petroleum Reserve and otherwise deny the allegations in the first sentence of Paragraph 52. The allegations in the second and third sentences of Paragraph 52 purport to characterize the 2013 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

53. The allegations in Paragraph 53 purport to characterize the 2013 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

54. The allegations in Paragraph 54 purport to characterize the 2013 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
13

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 13 of 47

55.     The allegations in the first sentence of Paragraph 55 purport to characterize the 2013 IAP, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  The allegations in the second sentence of Paragraph 55 purport to characterize 50 CFR 17.40(g), which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  The allegations in the third sentence of Paragraph 55 purport to characterize quoted material attributed to BLM, but the cited source is not identified and Defendants have not been able to determine the cited source.  Defendants therefore lack knowledge and information sufficient to form a belief as to the truth of allegations and deny them on that basis, but further respond that if the quote is accurate, it purports to characterize the applicable BLM source, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  The allegations in the fourth and fifth sentences of Paragraph 55 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

56.     The allegations in Paragraph 56 purport to characterize unspecified public comments received by BLM during the 2013 IAP process and BLM's response, which speak for themselves and are the best evidence of their own contents.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
14

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 14 of 47

Defendants deny any allegations inconsistent with their plain language, context, or meaning.

57.     The allegations in Paragraph 57 purport to characterize the 2013 IAP, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

58.     The allegations in Paragraph 58 purport to characterize the 2013 IAP, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

59.     The allegations in Paragraph 59 purport to characterize the 2013 IAP, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

60.     The allegations in Paragraph 60 purport to characterize the 2013 IAP, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

61.     The allegations in Paragraph 61 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

62.     Defendants admit the allegations in Paragraph 62.

63.     Defendants admit that the Secretary of the Interior issued Secretarial Order ("SO") 3352 in 2017 following the election of President Trump.  The remaining allegations of Paragraph 63 purport to characterize SO 3352, which speaks for itself

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
15

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 15 of 47

and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

64.	Defendants admit the allegations in Paragraph 64.

65.	The allegations in Paragraph 65 purport to characterize unspecified public comments received in response to the draft EIS, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

66.	Defendants admit the allegations in the first sentence of Paragraph 66. The allegations in the second and third sentences of Paragraph 66 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

67.	The allegations in Paragraph 67 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

68.	The allegations in Paragraph 68 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

69.	The allegations in Paragraph 69 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
16

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 16 of 47

70. The allegations in Paragraph 70 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

71. The allegations in Paragraph 71 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

72. The allegations in Paragraph 72 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

73. The allegations in Paragraph 73 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

74. The allegations in Paragraph 74 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

75. The allegations in Paragraph 75 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

76. Defendants admit the allegations in the first sentence of Paragraph 76 that Plaintiffs filed this lawsuit on August 24, 2020, and that the Notice of Availability of the 2020 EIS was published in the Federal Register on June 26, 2020, at 85 Fed.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
17

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 17 of 47

Reg. 38388. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 76 and deny them on that basis.

77. Defendants admit the allegations in Paragraph 77.

78. Defendants admit the allegations in Paragraph 78 that the Secretary of the Interior signed the 2020 ROD in December 2020. The remaining allegations in Paragraph 78 purport to characterize the 2020 ROD, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

79. The allegations in Paragraph 79 purport to characterize the 2020 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

80. The allegations in Paragraph 80 purport to characterize the 2020 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

81. The allegations in Paragraph 81 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

82. The allegations in Paragraph 82 purport to characterize the 2020 EIS and 2020 IAP, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
18

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 18 of 47

83. The allegations in Paragraph 83 purport to characterize the 2020 EIS and 2020 IAP, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

84. Defendants admit the allegations in Paragraph 84.

85. Defendants admit the allegations in Paragraph 85.

86. Defendants admit the allegations in Paragraph 86.

87. Defendants admit the allegations in Paragraph 87 that BLM issued a new ROD on April 25, 2022. The remaining allegations in Paragraph 87 purport to characterize the filings at Docket 30, 33, 41, 46, 43, and 49 and the 2022 IAP ROD, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

88. The allegations in Paragraph 88 purport to characterize the 2022 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

89. The allegations in Paragraph 89 purport to characterize the 2022 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

90. The allegations in Paragraph 90 purport to characterize the 2022 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
19

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 19 of 47

any allegations inconsistent with its plain language, context, or meaning.

91. The allegations in Paragraph 91 purport to characterize the 2022 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

92. The allegations in Paragraph 92 purport to characterize the 2022 Determination of NEPA Adequacy ("DNA"), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

93. The allegations in Paragraph 93 purport to characterize the 2022 IAP ROD, 2022 DNA, and 2020 EIS, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

94. The allegations in Paragraph 94 purport to characterize the 2022 errata, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

95. The allegations in Paragraph 95 purport to characterize the 2022 errata, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

96. The allegations in the first sentence of Paragraph 96 purport to characterize the 2022 IAP ROD, 2022 DNA, and 2020 EIS, which speak for themselves and are the best evidence of their own contents. Defendants deny any

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
20

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 20 of 47

allegations inconsistent with their plain language, context, or meaning.  The allegations in the second sentence of Paragraph 96 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

97.    Defendants admit the allegations in Paragraph 97.

98.    The allegations in Paragraph 98 purport to characterize Defendants' motion to dismiss, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

99.    The allegations in Paragraph 99 purport to characterize Defendants' motion to dismiss, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

100.    The allegations in Paragraph 100 purport to characterize the court's decision (Dkt. 73), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

101.    Defendants admit the allegations in Paragraph 101.

102.    Defendants admit the allegations in Paragraph 102 that they filed a response brief on January 6, 2025.  The remaining allegations in Paragraph 102 purport to characterize that response brief, which speaks for itself and is the best

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
21

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 21 of 47

evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

103.    Defendants admit the allegations in Paragraph 103 that they moved to stay the ongoing proceedings on June 18, 2025.  The remaining allegations in Paragraph 103 purport to characterize that motion, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

104.    The allegations in Paragraph 104 purport to characterize the court's decision (Dkt. 127), which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

105.    Defendants admit the allegations in Paragraph 105.

106.    The allegations in Paragraph 106 purport to characterize 43 C.F.R. § 2361 (2024) and 89 Fed. Reg. 38712, 38736-37 (May 7, 2024), which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

107.    The allegations in Paragraph 107 purport to characterize 43 C.F.R. § 2361 (2024), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

108.    The allegations in Paragraph 108 purport to characterize 90 Fed. Reg.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
22

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 22 of 47

23507, 23509 (June 3, 2025), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

109. The allegations in Paragraph 109 purport to characterize 90 Fed. Reg. 51470, 51475 (Nov. 17, 2025), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

110. The allegations in Paragraph 110 purport to characterize 90 Fed. Reg. 51470 (Nov. 17, 2025), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

111. The allegations in Paragraph 111 purport to characterize Pub. L. No. 119-21, 139 Stat. 72, 144 (July 4, 2025) (the "Reconciliation Act"), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

112. The allegations in Paragraph 112 purport to characterize the Reconciliation Act, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

113. The allegations in Paragraph 113 purport to characterize the Reconciliation Act, which speaks for itself and is the best evidence of its own

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
23

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 23 of 47

contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

114.    The allegations in Paragraph 114 purport to characterize the Reconciliation Act, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

115.    The allegations in Paragraph 115 purport to characterize the Reconciliation Act, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

116.    The allegations in Paragraph 116 purport to characterize Pub. L. No. 119-47, 139 Stat. 696 (Dec. 5, 2025), which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

117.    The allegations in Paragraph 117 purport to characterize Pub. L. No. 119-47, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

118.    The allegations in the first sentence of Paragraph 118 purport to characterize Executive Order 14153, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
24

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 24 of 47

language, context, or meaning. The allegations in the second sentence of Paragraph 118 purport to characterize SO 3422, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

119. The allegations in Paragraph 119 purport to characterize the comments submitted by Plaintiffs and others on April 18, 2025, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

120. Defendants admit the allegations in Paragraph 120 that BLM published the 2025 draft EA on June 17, 2025. The remaining allegations in Paragraph 120 purport the characterize the 2025 draft EA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

121. The allegations in Paragraph 121 purport to characterize the comments submitted by Plaintiffs and others in response to the 2025 draft EA which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

122. Defendants admit the allegations in the first sentence of Paragraph 122. The allegations in the second sentence of Paragraph 122 purport to characterize the 2025 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
25

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 25 of 47

meaning.

123.     The allegations in Paragraph 123 purport to characterize the 2025 IAP, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

124.     The allegations in Paragraph 124 purport to characterize the 2025 EA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

125.     The allegations in Paragraph 125 purport to characterize the 2025 EA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

126.     The allegations in Paragraph 126 purport to characterize the 2025 IAP, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

127.     The allegations in the first and second sentences of Paragraph 127 purport to characterize the 2025 IAP, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  The allegations in the third sentence of Paragraph 127 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

128.     The allegations of Paragraph 128 purport to characterize the 2025 IAP, which speaks for itself and is the best evidence of its own contents.  Defendants deny

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG

26

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 26 of 47

any allegations inconsistent with its plain language, context, or meaning.

129. The allegations in Paragraph 129 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

130. Defendants admit the allegations in Paragraph 130 that exploration can include construction of ice roads and pads, and that exploration activities can have impacts on the environment. Any remaining allegations are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

131. In response to the allegations in Paragraph 131, the term "water withdrawals" is vague and ambiguous and Defendants cannot attribute meaning to it, such that the allegations lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

132. The allegations of Paragraph 132 purport to characterize the 2025 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

133. In response to the allegations in Paragraph 133, the use of terms "key caribou habitat," "could," "shifts," "potentially driving," "low quality," "essential,"

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
27

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 27 of 47

"slow," "prevent," and "in and around the [Petroleum] Reserve," among others, is vague and ambiguous and lacks the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

134. In response to the allegations in Paragraph 134, the use of terms "could," "disturb," "displace," "limited," "can," "additional," "is of concern," "strongly," and "potentially," among others, is vague and ambiguous and lacks the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

135. The allegations in Paragraph 135 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

136. The allegations in the first sentence of Paragraph 136 purport to characterize the 2025 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second, third, and seventh sentences of Paragraph 136 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. In response to the remaining allegations in Paragraph 136, the use of terms "coincide," "presence," "can," "prematurely," and "reduced" is vague and ambiguous and lacks the necessary

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
28

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 28 of 47

context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

137. The allegations in the first, sixth, and seventh sentences of Paragraph 137 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. In response to the remaining allegations in Paragraph 137, the use of terms "could," "compromise," "would likely," "destroy," "can," and "may," is vague and ambiguous and lacks the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

138. In response to the allegations in Paragraph 138, Defendants admit that BLM engaged in consultation with FWS and National Marine Fisheries Service. The remaining allegations of Paragraph 138 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

139. Defendants admit the allegations in the first sentence of Paragraph 139. The allegations in the second sentence of Paragraph 139 purport to characterize FWS's 2025 BiOp, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
29

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 29 of 47

140. The allegations in Paragraph 140 purport to characterize FWS's 2025 BiOp, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

141. The allegations in Paragraph 141 purport to characterize FWS's 2025 BiOp, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

142. The allegations in Paragraph 142 purport to characterize FWS's 2025 BiOp, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

143. The allegations in Paragraph 143 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

144. The allegations in Paragraph 144 purport to characterize FWS's 2025 BiOp, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

145. The allegations in Paragraph 145 purport to characterize FWS's 2025 BiOp, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

146. The allegations in Paragraph 146 purport to characterize FWS's 2025 BiOp, which speaks for itself and is the best evidence of its own contents. Defendants

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
30

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 30 of 47

deny any allegations inconsistent with its plain language, context, or meaning.

147. Defendants admit the allegations in Paragraph 147 that Plaintiffs provided a letter to defendants titled "60-Day Notice of Intent to Sue Regarding Violations of the Endangered Species Act Related to the Integrated Activity Plan for the National Petroleum Reserve-Alaska" on January 28, 2026. The remaining allegations in Paragraph 147 purport to characterize that letter, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

148. The allegations in Paragraph 148 purport to characterize 90 Fed. Reg. 48446, 48446 (Oct. 22, 2025), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

149. Defendants admit the allegations in Paragraph 149 that Plaintiffs and others submitted comments in response to BLM's call for nominations. Any remaining allegations in Paragraph149 purport to characterize the comments submitted by Plaintiffs and others in response to the October 2025 NPR-A call for nominations and comments, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

150. Defendants admit the allegations in Paragraph 150.

151. The allegations in Paragraph 151 purport to characterize the 2026

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
31

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 31 of 47

Petroleum Reserve Notice of Sale, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

152. The allegations in Paragraph 152 purport to characterize the 2026 Petroleum Reserve Notice of Sale, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

153. The allegations in Paragraph 153 purport to characterize the 2026 Petroleum Reserve Notice of Sale and Detailed Statement of Sale, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

154. The allegations in Paragraph 154 purport to characterize the 2026 Petroleum Reserve Notice of Sale and Detailed Statement of Sale, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

155. The allegations in the first sentence of Paragraph 155 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 155 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
32

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 32 of 47

156. In response to the allegations in the first sentence of Paragraph 156, Defendants aver that BLM conducted a public bid opening on March 18, 2026. Defendants admit the allegations in the second and third sentences of Paragraph 156, and that the included map is an accurate copy of the map BLM provided to depict the bids received.

## CLAIMS FOR RELIEF

## COUNT I

157. The responses to Paragraphs 1 through 156 are incorporated here by reference.

158. The allegations in Paragraph 158 purport to characterize Article IV, Section 3, Clause 2 of the U.S. Constitution, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

159. The allegations in Paragraph 159 purport to characterize the cited cases, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

160. The allegations in Paragraph 160 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

161. The allegations in Paragraph 161 purport to characterize the NPRPA,

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
33

which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

162. The allegations in Paragraph 162 purport to characterize the NPRPA implementing regulations, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

163. The allegations in Paragraph 163 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

164. The allegations in Paragraph 164 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

165. The allegations in Paragraph 165 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

166. The allegations in Paragraph 166 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

167. The allegations in Paragraph 167 purport to characterize the 2025 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG

34

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 34 of 47

168. Defendants deny the allegations in Paragraph 168.

## COUNT II

169. The responses to Paragraphs 1 through 168 are incorporated here by reference.

170. The allegations in Paragraph 170 purport to characterize the NPRPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

171. The allegations in Paragraph 171 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

172. The allegations in the first sentence of Paragraph 172 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second sentence of Paragraph 172 purport to characterize the cited cases, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

173. The allegations in Paragraph 173 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations additionally appear to characterize various IAPs that refer to the Teshekpuk Lake Special Area, which speak for themselves and are the best

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
35

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 35 of 47

evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

174.   The allegations in Paragraph 174 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The allegations additionally appear to characterize various IAPs that refer to the Colville River Special Area, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

175.   The allegations in Paragraph 175 purport to characterize the 2025 IAP, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

176.   The allegations in Paragraph 176 purport to characterize the 2025 IAP and 2020 EIS, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

177.   The allegations in Paragraph 177 purport to characterize the 2025 IAP and 2020 EIS, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.  Any remaining allegations in Paragraph 177 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
36

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 36 of 47

178. The allegations in Paragraph 178 purport to characterize the 2025 IAP and 2020 EIS, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

179. The allegations in Paragraph 179 purport to characterize the 2025 IAP and 2020 EIS, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. Any remaining allegations in Paragraph 179 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

180. The allegations in Paragraph 180 purport to characterize the EIS for the 2013 IAP, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

181. Defendants deny the allegations in Paragraph 181.

## COUNT III

182. The responses to Paragraphs 1 through 181 are incorporated here by reference.

183. The allegations in Paragraph 183 purport to characterize NEPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. Any remaining

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
37

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 37 of 47

allegations in Paragraph 183 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

184. The allegations in Paragraph 184 purport to characterize NEPA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. Any remaining allegations in Paragraph 184 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

185. The allegations in Paragraph 185 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

186. The allegations in Paragraph 186 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

187. The allegations in Paragraph 187 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

188. The allegations in Paragraph 188 purport to characterize the 2020 EIS, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

189. The allegations in Paragraph 189 purport to characterize the 2025 draft EA, which speaks for itself and is the best evidence of its own contents. Defendants

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
38

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 38 of 47

deny any allegations inconsistent with its plain language, context, or meaning.

190. The allegations in Paragraph 190 purport to characterize the 2025 final EA and 2025 IAP ROD, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

191. The allegations in Paragraph 191 purport to characterize the 2025 EA and 2020 EIS, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

192. The allegations in Paragraph 192 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

193. Defendants admit the allegations in Paragraph 193, and aver that a public bid opening was scheduled for March 18, 2026.

194. Defendants admit the allegations in Paragraph 194 that the Notice of Sale offers more than 600 tracts covering approximately 5.5 million acres. The remaining allegations in Paragraph 194 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

195. Defendants admit the allegations in Paragraph 195 that bids were opened

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
39

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 39 of 47

on March 18, 2026, that the lease sale offered 625 tracts consisting of 5,447,679 acres, and that bids were received on 187 tracts consisting of 1,334,967 acres, and deny any remaining allegations.

196.    The allegations in Paragraph 196 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants deny the allegations in Paragraph 198.

## COUNT IV

199.    The responses to Paragraphs 1 through 198 are incorporated here by reference.

200.    The allegations in Paragraph 200 purport to characterize NEPA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

201.    Defendants deny the allegations in Paragraph 201.

202.    Defendants acknowledge the allegations in Paragraph 202 that Plaintiffs and other groups submitted information to BLM in April 2025.  The remaining allegations in Paragraph 202 purport to characterize those submissions, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
40

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 40 of 47

203. Defendants deny the allegations in Paragraph 203.

204. Defendants deny the allegations in Paragraph 204.

## COUNT V

205. The responses to Paragraphs 1 through 204 are incorporated here by reference.

206. The allegations in Paragraph 206 purport to characterize the NPRPA and its implementing regulations, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

207. The allegations in the first sentence of Paragraph 207 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning. The allegations in the second sentence of Paragraph 207 purport to characterize the cited cases, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

208. Defendants admit the allegations in Paragraph 208 that the Notice of Sale offered more than 600 tracts covering approximately 5.5 million acres. The remaining allegations in Paragraph 208 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
41

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 41 of 47

and deny them on that basis.

209.     The allegations in Paragraph 209 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

210.     The allegations in Paragraph 210 purport to characterize the Notice of Sale and the Statement of Sale, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

211.     The allegations in Paragraph 211 purport to characterize the Notice of Sale and the Statement of Sale, which speak for themselves and are the best evidence of their own contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.

212.     Defendants deny the allegations in Paragraph 212.

### COUNT VI

213.     The responses to Paragraphs 1 through 212 are incorporated here by reference.

214.     The allegations in Paragraph 214 purport to characterize the ESA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

215.     The allegations in Paragraph 215 purport to characterize the ESA

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
42

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 42 of 47

implementing regulations, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

216. The allegations in the first and second sentences of Paragraph 216 purport to characterize the ESA implementing regulations, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. The allegations in the third and fourth sentences of Paragraph 216 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

217. The allegations in Paragraph 217 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

218. The allegations in Paragraph 218 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

219. Defendants admit the allegations in Paragraph 219.

220. The allegations in Paragraph 220 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
43

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 43 of 47

allegations.

221. The allegations in Paragraph 221 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

222. The allegations in Paragraph 222 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

223. The allegations in the first sentence of Paragraph 223 are vague and ambiguous and lack the necessary context for Defendants to form a response, and therefore, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny them on that basis. Defendants deny the allegations in the second and third sentences of Paragraph 223. The allegations in the fourth sentence of Paragraph 223 appear to characterize the 2025 BiOp, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

224. Defendants deny the allegations in Paragraph 224.

225. Defendants deny the allegations in Paragraph 225.

226. The allegations in the first sentence of Paragraph 226 purport to characterize the 2025 BiOp, which speaks for itself and is the best evidence of its own

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
44

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 44 of 47

contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.  The allegations in the second sentence of Paragraph 226 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

227.    The allegations in Paragraph 227 purport to characterize the 2025 BiOp, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

228.    Defendants deny the allegations in Paragraph 228.

229.    Defendants deny the allegations in Paragraph 229.

230.    Defendants deny the allegations in Paragraph 230.

231.    Defendants deny the allegations in Paragraph 231.

## COUNT VII

232.    The responses to Paragraphs 1 through 231 are incorporated here by reference.

233.    The allegations in Paragraph 233 purport to characterize the ESA, which speaks for itself and is the best evidence of its own contents.  Defendants deny any allegations inconsistent with its plain language, context, or meaning.

234.    Defendants deny the allegations in Paragraph 234.

235.    Defendants deny the allegations in Paragraph 235.

## **PRAYER FOR RELIEF**

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
45

Case 3:20-cv-00206-SLG     Document 155     Filed 04/20/26     Page 45 of 47

no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief.

## **GENERAL DENIAL**

Defendants deny any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs lack standing to bring some or all of their claims.

3. Plaintiffs have failed to properly establish subject matter jurisdiction.

4. Plaintiffs have failed to demonstrate that some or all of their claims are ripe for judicial review.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs all relief requested, dismiss the Fourth Amended and Supplemental Complaint with prejudice, grant judgment for Defendants and against Plaintiffs, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 20th of April 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Idaho Bar No. 4759

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
46

Case 3:20-cv-00206-SLG    Document 155    Filed 04/20/26    Page 46 of 47

Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
202-532-5994 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

RICKEY D. TURNER, JR.
Colorado Bar No. 38353
Senior Attorney
Wildlife & Marine Resources Section
999 18th Street, Suite 600, North Terrace
Denver, CO 80202
Tel: (202) 532-3073
rickey.turner@usdoj.gov

*Counsel for Defendants*

Of Counsel:

LINDSAY CRONIN,
Attorney-Advisor
Office of the Regional Solicitor
U.S. Department of the Interior
Anchorage, Alaska
907-271-4131

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Paul A, Turcke*
Paul A. Turcke

*Center for Biological Diversity v. Burgum*
DEFS.' ANSWER TO FOURTH AM. COMPL.

Case No. 3:20-cv-00206-SLG
47